IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

DONZELL A. JONES 33401045 )
(full name)       (Register No).  )
_____ )
_____ )     19-0372-CV-W-GAF-P
                              )
          Plaintiff(s).       )     Case No. 11d16-CR02065
                              )
v.                            )
                              )
                              )
KANSAS CITY POLICE DEPARTMENT )     Defendants are sued in their (check one):
(Full name)                   )     ___ Individual Capacity
11th and Locust               )     _X_ Official Capacity
K.C, M.O 64106                )     ___ Both
          Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.  Place of present confinement of plaintiff(s): LEAVENWORTH DETENTION CENTER 100 Highway Terrace, Leavenworth, KS 66048

II. Parties to this civil action:
    Please give your commitment name and any another name(s) you have used while incarcerated.

    A. Plaintiff DONZELL A. JONES     Register No. 33401045
       Address LEAVENWORTH DETENTION CENTER, 100 HIGHWAY TERRACE, LEAVENWORTH, KANSAS 66048

    B. Defendant KANSAS CITY POLICE DEPARTMENT
       11th and locust K.C.M.O 64130
       Is employed as _____

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

Case 4:19-cv-00372-GAF   Document 1   Filed 05/08/19   Page 1 of 14

III.  Do your claims involve medical treatment?    Yes ___    No ✓

IV.  Do you request a jury trial?    Yes ___    No ✓

V.  Do you request money damages?    Yes ✓    No ___

State the amount claimed?    $ 6,000,/000 ⁰⁰ (actual/punitive)

VI.  Are the wrongs alleged in your complaint continuing to occur?    Yes ✓  No ___

VII.  Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
   Yes ___    No ___

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?    Yes ___    No ___

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
   N/A

D. If you have not filed a grievance, state the reasons.
   This issue does not require a grievance procedures

VIII.  Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case?    Yes ___    No ✓

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?    Yes ___    No ✓

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

   (1) Style: __N/A_____
              (Plaintiff)              (Defendant)
   (2) Date filed: __N/A__

2

(3) Court where filed: N/A

(4) Case Number and citation: N/A

(5) Basic claim made: N/A

(6) Date of disposition: N/A

(7) Disposition: N/A
(Pending) (on appeal) (resolved)

(8) If resolved, state whether for: N/A
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

SEE ATTACHED PAGES !

SEE Dash Cams from Case No. 18-00188-01-CR-W-DGK
#4896
#4025
#5352

B. State briefly your legal theory or cite appropriate authority:

SEE ATTACHED PAGES

3

Case 4:19-cv-00372-GAF   Document 1   Filed 05/08/19   Page 3 of 14

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
I'm moving the court to order the K.C.P.D Agency along with K.C.P.D officers Warner Stumpenhaus #5352 + Bradley Lynn #4816 to be banned from encountering Denzell A. Jones #33401045. Also I'm Moving this court for relief in the effects of revenues, U.S. Currency from defamation of character, punitive damages, loss of wages by the KCPD, as well as negligent training, unlawful arrest, supervision and deprivation of constitutional rights.

XI. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name. NONE

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?  Yes____ No ✓

If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
NONE

C. Have you previously had a lawyer representing you in a civil action in this court?
Yes____ No ✓

If your answer is "Yes," state the name and address of the lawyer.
NONE

I declare under penalty of perjury that the foregoing is true and correct.

Executed (signed) this 6th day of May 20 19.

*Denzell Jones*
Signature(s) of Plaintiff(s)

4

A) Statement of Facts:

At 12:26 PM on June 5, 2016 a call was placed to the Kansas City Police Department 9-1-1 Dispatch by Keith Brown alleging that he had been held at gunpoint and robbed on 58th and Olive in Kansas City, MO 64130 and the suspect took off running Eastbound on 58th St. in K.C. MO 64130 armed with a gun in his waistband. Suspect had on Red, White, Blue shirt, blue shorts, red shoes, grey hat was the discription given. At 12:34PM Officer Warner Stumpenhaus #5352 of the K.C.P.D responded to the call and drove down 59th and Olive K.C. MO 64130 to 60th st., making a right turn heading Westbound and in Officer Stumpenhaus #5352 K.C.P.D crusier dash cam #5352 @ 20160605121838 captures Donzell Jones-33401045 walking on foot turning Eastbound on 60th St. K.C. MO 64130 which is the total opposite direction that was given. Approximately at 12:38 PM Donzell Jones-33401045 was walking Northbound on the Eastside of the street on the 5900 Block of Wabash in K.C. M.O 64130 and was illegally seized unreasonably at gunpoint, handcuffed, and pat searched for a firearm, nothing was found on Donzell Jones 33401045 person or in his immediate surroundings during the pat search conducted by Warner Stumpenhaus #5352. As Mr. Jones-33401045 was being handcuffed and pat searched by K.C.P.D Officer Stumpehaus #5352 at 12:39 PM Bradley Lynn #4896 of the K.C.P.D was present as well and observed Donzell Jones-33401045 being searched. At 12:39 PM Sargent Bradley Lynn #4896 of the K.C.P.D illegally and unreasonably searched Mr. Jones-33401045 without Mr. Jones-33401045 consent by placing his hands in Donzell Jones-33401045 pockets and removing items from Mr. Jones 33401045 pockets without his consent. From 12:38 PM to 12:58 PM K.C.P.D officers Lynn #4896 and Stumpenhaus #5352 prolonged Donzell Jones-33401045 detention because a gun was never located on Mr. Jones 33401045 person as Keith Brown stated to 9-1-1 dispatch so at that point all proable cause has evaporated. From 12:38 PM to 12:58 PM the above said K.C.P.D officers had Mr. Jones-33401045 detained and didn't even know who he was or at that point attempted to check

At 12:41 P.M K.C.P.D Sargent Dorthy #4025 arrived on the sence of the 5900 Block of Wabash, K.C. M.O 64130 With police dash cam #40252016060512 which also captures K.C.P.D Sargent Bradley Lynn #4896 continously violate Donzell Jones-33401045 Fourth Amendment Rights to the United States Constitution by continously placing his hands in Mr. Jones 33401045 Pockets and removing items from them without Mr. Jones-33401045 consent. From 12:38 PM to 12:58 PM the above said K.C.P.D Officers continously detained Mr. Jones-33401045 that is until Sargent Dorthy #4025 of the K.C.P.D finally ran a pedestrian check on the individual that they had in custody whom was identified to be Donzell Jones at 12:59 P.M who had a Jackson county misdomeanor warrant. Subsequently Mr. Jones-33401045 was arrested unlawfully and taken to the K.C.P.D East patrol division in K.C.MO on 27th and Van Brunt and booked on aggravated assault, and armed Robbery which was later dropped to a unlawful possession of a firearm by K.C.P.D Detective Mike Buente #5323 and the Jackson County prosecutors office which lead to Mr. Jones-33401045 being incarcerated from June 5, 2016 to June 26, 2016, then Aug. 2016 to Dec. 2016, then May 2017 to July 2018, all dates through Jackson County Detention Center then to the custody of the United States Marshals of the Western District of Missouri which where Mr. Jones-33401045 remains incarcerated and has been since July 31, 2018 for a felon in possession of a firearm charge. The firearm in this matter was never located on Mr. Jones person, or in his immediate Surroundings as Detective Mike Buente #5323 of the K.C.P.D falsified in police affidavits to obtain an arrest warrant from a magistrate Judge in Jackson County by stating in his Probable cause statement: "the area was canvassed by a k-9 and officers with the K.C.P.D located a firearm on the Sence of 5900 Block of Wabash, K.C.M.O With Mr. Jones-33401045 which was not true, the firearm that Mr. Jones 33401045 had no knowledge of was located behind a house on 5911 Olive,

K.C.M.O 64130 in the backyard under a pile of leaves according to K.C.P.D officer Warner Stumpenhaus #5352 police report regarding this matter. The negligent training and abuse of process began with the inception of officer Stumpenhaus #5352 unreasonably seizing Mr. Jones-33401045 at gunpoint, handcuffing him then pat searching him as well to find nothing illegal or dangerous on him then furthermore prolonging the detention of Mr. Jones-33401045 which formulated into a Fourth Amendment violation, illegal seizure at that point as all proable cause had been evaporated with the pat search revealing nothing incriminating then as K.C.P.D Sargent Bradley Lynn #1896 arrived on the sence and observed Mr. Jones-33401045 being searched already Lynn #1896 continously violated Mr. Jones-33401045 Fourth Amendment Rights to the United States Constitution by "Unreasonably "Continously" Placing his hands in Mr. Jones-33401045 pockets and Illegally Seizing his belongings before he knew who mr. Jones 33401045 or placed under arrest. From 12:38PM to 12:58PM. On June 5, 2016 when K.C.P.D officer Warner Stumpenhaus #5352 initially pat searched mr. Jones-33401045 and therefore Confirming Mr. Jones-33401045 was not at all armed but prolonged the detention of Jones-33401045 was again "Negligent training" from the above said officers employer The Kansas City Police Department and Abuse of process as well. From the such actions by the above said K.C.P.D employees, the Jackson County prosecutors office went on to file Charges on Donzell Jones-33401045 in Kansas City, MO 64106 which was unethical, a abuse of process as well as the state office knew from obtaining+overlooking the case and evidence that statements were false and inconsistant and a major "deprivation of constitutional rights," and "Unlawful arrest".
Case 4:19-cv-00372-GAF   Document 1   Filed 05/08/19   Page 7 of 14
(3)

Keith Brown also falsified allegations that he had been held at gunpoint and robbed at gunpoint to K.C.P.D 9-1-1 Dispatch was false and never occured as Keith Brown stated to K.C.P.D detective during the interview regarding this Matter that "he stayed over by his car and Mr. Jones never approached him." Which was a "defamation of character" due to Keith Brown false accusations to K.C.P.D 9-1-1 Dispatch.

B) State briefly your legal theory or cite appropriate authority:

At approximately 12:38 P.M. Donzell Jones-33401045 was "illegally seized" at gunpoint, and handcuffed by K.C.P.D. officer Klamer Stumpenhaus #5352 who is employed by the "Kansas City Police Department". Must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away he has "seized" that person." (Terry v. Ohio), 392 U.S. 1, 20 L.Ed 2d 889, 88 S.Ct. 1868 (1968). "Fourth Amendment protects people and not places." (Katz v. United States), 389 U.S. 347 (1967). As Donzell Jones-33401045 was patted down by K.C.P.D officer Klarner Stumpenhaus #5352 at 12:38 PM on June 5, 2016 and nothing "illegal or dangerous" was found on his person, probable cause at that point had evaporated being that no weapon was found on his person, Mr. Jones-33401045 detention should've been concluded at that point though it was not, thus therefore the prolonging of Mr. Jones 33401045 detention resulted in another form and act of an "illegal seizure", violation of Mr. Jones Fourth Amendment to the United States Constitution. "Thus when a police officer reasonably suspects only that someone is carrying a gun and stops and frisks that person, the officer, after finding nothing in a pat down, may not further detain the person merely to question him about a fraud offense, This is not because the question itself is unlawful, but because at that point suspicion satisfied that the individual is not carrying a gun, the officer may not detain the him any longer to investigate a charge lacking reasonable suspicion. At that point continuation of the detention is no longer supported by the facts that justified its initiation. Thus detention, not questioning is the evil at which Terry's second prong is aimed." (United States v. Mateen Yusuf SHABAZZ, EDWARD L EBERHART, EDWARD WALLACE, KEITH LAMAR PARKER) 993 F.2d 431, (1993). On June 5, 2016 at 12:39 P.M K.C.P.D Police Sargent Bradley Lynn #4996 observed Mr. Jones 33401045 being pat searched by officer Klarne Stumpenhaus #5352 on the sence of 5900 block of Wabash, K.C.MO 64130, but continued to further detain Mr. Jones 33401045 evolving into an "illegal seizure", a violation of the Fourth Amendment to to the United States Constitution. Also at 12:39 PM K.C.P.D Police Sargent

Bradley Lynn #4896 continuously "illegally searched" Mr. Jones-33401045 as well by way of placing his hands in Mr. Jones-33401045 pockets removing items from his pockets violating Mr. Jones-33401045 Fourth Amendment to the United States Constitution, as well as violating and going beyond the "Terry" stop" and (Terry v. Ohio) (1968). (See dash cam; #4025 @ 20160605123641, #4896 @ 20160605122134, #5352 @ 20160605121838.) "The case law is settled that law enforcement exceeds the scope of a lawful pat down when they continue to "search or seize" objects from a defendants pockets although no weapon or threat to safety is identified." (United States v. Sanders) (8th Cir. 2017). (United States v. Craddock), 841 F.3d 756, 760 (8th Cir 2016) ("finding the officers seizure of a key fob from defendants pocket exceed the scope of a Terry frisk for weapons); (Minnesota v. Dickerson), 508 U.S. at 378 ("finding the continued manipulation of defendants pockets and subsequent seizure of drugs was not justified after officer determined the pocket did not contain a weapon"). Where a "protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid and it's fruits will be suppressed". Dickerson, 508 U.S. at 373. (Sibron v. New York), 392 U.S. 40, 65, 88 S.Ct. 1889, 20 L.Ed. 2d 917 (1968) ("finding the Terry search unconstitutional because the officer thrust his hand into defendants pocket to seize drugs without first feeling for weapons"); Terry, 392 U.S. at 29 ("emphasizing that the officer did not place his hands in the defendants pockets or seize the weapons until after he had felt the firearms during the frisk"). At 12:41 P.M K.C.P.D Police Sargent Dorthy #4025 employed with the K.C.P.D arrived on the scene of 5700 Wabash K.C.MO 64130. While in the custody of K.C.P.D Police Sargent Bradley Lynn #4896, Mr. Jones-33401045 was again "illegally + unreasonably" searched by said K.C.P.D employee Lynn #4896 at 12:56 P.M on June 5, 2016 by way of Lynn #4896 continuously placing his hands inside Mr. Jones-33401045 pockets and "seizing" items from his person without Jones 33401045 consent, violating Mr. Jones-33401045 Fourth Amendment Right guaranteed by the United States Constitution. "The case law is settled that law enforcement exceeds the scope of a lawful patdown when they "continue" to "search or seize" objects from a defendants pockets although no weapon or threat to safety is identified." (United States v. Sanders) (8th Cir. 2017); (United States v. Craddock), 841 F.3d 756, 760 (8th Cir. 2016) ("finding the officer's seizure of a key fob from defendants pocket exceeded the scope of a Terry frisk for weapons"); Dickerson, 508 U.S. at 378 ("finding the continued

(2)

manipulation of defendants pocket and subsequent seizure of drugs was not justified after officer determined the pocket did not contain a weapon"). At 12:58 PM on June 5, 2016 officer Dorthy#ucith K.C.P.D conducted a Pedestrian check which K.C.P.D dispatch concurred back to K.C.P.D Sargent Dorthy#1025 at 12:59PM that the person that K.C.P.D officer(s) Warner Stumpenhaus#5352, and K.C.P.D Police Sargent Bradley Lynn#4896, had "Illegally" "detained" since 12:38 PM to 12:57 PM without knowing his identity or his name to be Donzell Jones-33401045 and Mr. Jones 33401045 to have a Jackson County Misdemeanor Warrant, but a firearm that was not recovered on the Sence of 5900 Wabash, KCMO 64130 or on Jones person or in his immediate surroundings lead to the "(1) unlawful arrest and wrongful (2) incarceration" of Mr. Jones-33401045 for "aggravated assault" + "armed Robbery" that was later dropped through K.C.P.D Detective Mike Buente#5323 during the twenty four hour investigation that K.C.P.D had Mr. Jones-33401045 on to an "unlawful possession of a firearm" that Detective Buente#5323 falsified statement(s) within the probable Cause affidavit to obtain an arrest warrant from a Jackson County Magistrate Judge. Detective Buente#5323 statement Stated in the probable Cause affidavit that:" That the K.C.P.D K-9 unit and K.C.P.D Officers canvassed the area and located a firearm on the Sence of 5900 Block of Wabash, KC.MO 64130" Which the firearm recoverd in this matter was located on 5911 olive, K.C.M.O 64130 behind a house in the backyard under a pile of leaves according to K.C.P.D officer Warner. Stumpenhaus#5352 report in the police report regarding this matter, which is a violation of (Franks v. Deleclare), 438 US 154, 57 L. Ed 2d 667, 98 S.Ct. 2674 (1978) Held:" where the defendant makes a substantial preliminary Showing that a false statement knowingly and intentionally or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and if the allegedly false statement is necessary to the finding of probable Cause, the Fourth Amendment as incorporated in the Fourteenth Amendment requires that a hearing be held at the defendants

(3) over

request." If after a hearing a defendant establishes by a preponderance of the evidence that the false statement was included in the affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the search warrant must be voided and the fruits of the search excluded from the trial to the same extent as if probable cause was lacking on the face of the affidavit." Which is a major "supervision and deprivation of constitutional rights" and a major show of negligent training through the Officer(s), Sargent(s), + Detective(s) employer the Kansas City Police Department whom hired the above said individuals to protect and serve, upholding the law, not corrupting the law or making their own. The Jackson County Prosecutors office is at fault as well for violation of a major supervision and deprivation of constitutional rights and negligent training as they sought to pursue prosecution of Donzell Jones-33401045 when obtaining the probable cause affidavit and the police report that showed + told them where the officer(s) and conflicting Detective(s) location of the firearm that Jones 33401045 had no knowledge of was located which abstracting Detective Buente #5323 false statement from the Probable Cause Statement there is no probable cause which the Jackson County Prosecutors office knew from experienced training but sought out to continuously prosecute Jones 33401045 Maliciously at the point of viewing all the evidence which in all violated Jones 33401045 "Due Process" to the United States Constitution. "To establish malicious prosecution, Reasonover must show, inter alia, the absence of probable cause for her prosecution". Reasonover's claim again depends on her allegations officers suppressed evidence, planted evidence, and filed a false report." (Reasonover v. St. Louis, 8th Cir. 2006). From this situation Mr. Jones 33401045 wishes to be compensated for the following by the Kansas City Police Department: Punitive Damages, Malicious Prosecution, defamation of character, abuse of process, loss of wages, negligent training, supervision and deprivation of constitutional rights, + unlawful arrest. In (Coleman v. Rahija), the United States Court of appeals for the Eighth Circuit set forth the standard

(4)

awarding punitive damages in deliberate-indifference cases, applying the 42 U.S.C. § 1983, Punitive damages standard: When a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. Punitive damages punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future. (Washington V. Denny) (8th Cir. 2018).

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case 4:19-cv-00372-GAF   Document 1   Filed 05/08/19   Page 13 of 14

Donzell Jones - 33401015
100 Highway Terrace
Leavenworth, KS, 66048

Legal Mail

RECEIVED
2019 MAY -8 AM 11:55
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

NOTICE: This Correspondence was mailed from a correctional institution it's contents are uncensored.

Clerk of Court;
United States courthouse
400 E. 9th St.
K.C., MO 64106

Legal Mail

INDIGENT

